IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERNECIA D. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-cv-137-ECM-GMB |
| | ) | [WO] |
| RON WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On February 21, 2019, Plaintiff Ternecia D. Wilson, appearing *pro se*, filed a complaint against Defendants Ron Wilson, Louise Wilson, Patrick Wilson, Hart Ramsey, Alethia Ramsey, Gwen G. Oliver, Demitta Wilson, and Phyliss Bolden. Doc. 1. Wilson also filed a motion to proceed *in forma pauperis*. Doc. 2. For the reasons stated below, it is ORDERED that Wilson shall file an amended complaint on or before **June 20, 2019**, in accordance with the Federal Rules of Civil Procedure and the contents of this Order.

As currently constituted, Wilson's complaint (Doc. 1) constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The allegations should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim should be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). This enables the opposing party to respond adequately and appropriately to the claims against it, and allows the court to "determine

which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (internal citations omitted). Wilson's complaint exhibits the characteristics of a shotgun pleading, which have been "roundly condemned" in the Eleventh Circuit "both for the confusion they cause litigants and the havoc they wreak on the docket." *McCall v. Bank of America, N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016).

Although the court is mindful of Wilson's *pro se* status, and the fact that *pro se* pleadings are held to a lesser standard than those prepared by attorneys, *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). And a plaintiff's complaint must provide sufficient factual matter for the court to determine whether her claims have any merit. *See Weiland*, 792 F.3d at 1313.

In this case, Wilson asserts the following claims: extortion, invasion, attempted murder, discrimination, racism, bigotry, indignation, famine, and the loss of shelter. Doc. 1 at 1. She alleges that these civil rights violations occurred in Dothan, Alabama. Doc. 1 at 1. And she requests relief in the form of one million dollars in damages. Doc. 1 at 2. But the factual support for Wilson's claims is entirely absent from the complaint. While it is possible that she may have a viable claim, this is not currently discernable because the complaint fails to provide any factual allegations or information about the wrongdoing allegedly committed by Defendants. Although Wilson lists a number of claims, she does not coherently allege how Defendants' conduct relates to those claims or how Defendants'

conduct relates to any violation of federal law. Consequently, the court is unable to determine whether her claims have any merit. *See Weiland*, 792 F.3d at 1313.

Accordingly, it is ORDERED that Wilson shall file an amended complaint on or before **June 20, 2019**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order, including:

    a.    The body of the amended complaint must contain factual allegations explaining the alleged conduct by Defendants that is at issue.

    b.    The amended complaint should specify which Defendant committed each wrongful act.

    c.    The complaint must include clear allegations of fact showing that Wilson is entitled to relief under federal law.

    d.    Wilson should clearly indicate which specific factual allegations provide support for each of her claims.

Further, Wilson is warned that her failure to submit an amended complaint[1] in compliance with this Order may result in a recommendation of dismissal of this case.[2]

DONE this 30th day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[1] Eleventh Circuit courts routinely instruct *pro se* litigants to correct their shotgun pleadings with an amended complaint that complies with the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Georgia*, 2016 WL 4709078 (11th Cir. Sept. 9, 2016); *Giles*, 359 F. App'x at 92–93; *Maglutas*, 256 F.3d at 1284 n.3 ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader sua sponte.").

[2] *See, e.g.*, *Giles*, 359 F. App'x at 93 (holding that, after "guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal," the district court did not abuse its discretion by dismissing an amended complaint that did not comply with the requirements of Rules 8 and 10).